Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., | Case No.: 2:21-cv-3508 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | *Jury Trial Demanded* |
| MARIO LAVANDEIRA JR. p/k/a PEREZ HILTON, | |
| *Defendant*. | |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Mario Lavandeira Jr. p/k/a Perez Hilton, alleges as follows:

1.    This is an action for copyright infringement brought by BackGrid, the holder of the copyrights to the photographs described below, against defendant for uses of BackGrid's photographs without authorization or permission.

## JURISDICTION

2.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

3.    Plaintiff BackGrid USA, Inc. is an entity organized and existing under

1

the laws of the state of California with its principal place of business in Redondo Beach, California. BackGrid is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

4.     BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5.     BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

6.     But repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and owners like BackGrid. When content is distributed widely for free by infringers, legitimate licensors like BackGrid's customers will decline to license that content, or the amount they are willing to pay will be reduced. Legitimate publications to which BackGrid looks to pay licensing fees are unwilling to pay for work that is already widely disseminated on the internet for free. This is especially true when, as here, celebrities distribute images of themselves to their millions of followers without authorization.

## Defendant

7.     Defendant is an American blogger, columnist, and media personality that specializes in covering celebrity gossip and posting tabloid photographs. Mr. Hilton is domiciled in the Los Angeles area of California. On information and belief, Mr. Hilton owns and operates the Twitter account @PerezHilton and the Instagram account @theperezhilton.

## Personal Jurisdiction

8.     This Court has personal jurisdiction over defendant because, on information and belief, he resides in the State of California and this judicial district.

COMPLAINT

9.     In the alternative, this Court has personal jurisdiction over defendant because he has engaged in conduct with or in California, has contacts with California, and the claim arises out of those contacts.

### Venue

10.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

### FACTS SUPPORTING ALL CLAIMS

11.     Defendant used BackGrid's Photograph without authorization, permission, license, or justification, as follows:

### Infringements

12.     BackGrid is the owner and copyright holder of a photographic image depicting socialite and businesswoman Kim Kardashian in a crop top walking in a parking lot (the "Photograph"). The Photograph was registered with the United States Copyright Office as Registration No. VA 2-208-580 (eff. May 5, 2020).

13.     BackGrid never licensed the Photograph to Mr. Hilton. Nevertheless, Mr. Hilton used the Photograph without authorization or permission to do so.

14.     Specifically, Mr. Hilton or his agents copied the Photograph and displayed it on Instagram on March 2, 2020, via his account @thperezhilton, and on Twitter on March 2, 2020, via his Twitter handle @PerezHilton.

### Defendant's Infringements Harmed BackGrid

15.     The Photograph is creative, distinctive, and—as evidenced by Defendant's use and misappropriation of it—valuable. Because of Kim Kardashian's popularity and celebrity status, and because of the Photograph's quality and visual appeal, BackGrid stood to gain revenue from licensing the Photograph.

16.     But Defendant's unauthorized use of the Photograph harms the existing and future market for the Photograph, especially when such unauthorized use occurred at or around the same time as licensed copies of the Photograph were publicized. Defendant's Instagram and Twitter posts made the Photograph immediately available to his near 800,000 Instagram followers, 5.7 million Twitter

1  followers, and to the public, including consumers of entertainment news—and

2  especially news and images of Kim Kardashian, as evidenced by their status as

3  Instagram and Twitter followers of defendant as a purveyor of celebrity news and

4  photos—who would otherwise be interested in viewing licensed versions of the

5  Photograph in the magazines, newspapers, and online publications that are

6  BackGrid's customers.

7       17.    In addition, Defendant's unauthorized uses of the Photographs are

8  commercial in nature. Defendant uses his Instagram and Twitter account for the

9  purposes of promotion—specifically, to promote his business interests, products and

10  service, and ventures; to maintain and increase his visibility and desirability as an

11  entertainment personality and publisher; and to promote his own persona given his

12  celebrity status and popularity.

### CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

15       18.    BackGrid realleges and incorporates by reference the allegations

16  contained in the preceding paragraphs of this Complaint as if fully set forth here.

17       19.    BackGrid is the author and or/copyright owner of the protected

18  Photographs named above in this Complaint.

19       20.    Defendant has reproduced, displayed, distributed or otherwise copied the

20  Photograph without BackGrid's authorization or license.

21       21.    The foregoing acts of Defendant infringed upon the exclusive rights

22  granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute

23  their work to the public. Such actions and conduct constitute copyright infringement

24  in violation of 17 U.S.C. §§ 501 et seq.

25       22.    BackGrid has complied in all respects with 17 U.S.C §§ 101 et seq. and

26  secured and registered the exclusive rights and privileges in and to the copyrights of

27  the above-referenced works in accordance with 17 U.S.C § 408.

28

COMPLAINT

23.     BackGrid suffered damages as a result of Defendant's unauthorized use of the Photograph.

24.     Having timely registered the copyright in the Photograph, BackGrid is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

25.     As a celebrity blogger and avid distributor of celebrity news, Defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Defendant was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use the Photograph, and/or he acted recklessly by posting the Photograph without determining his right to do so. Such actions will support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

26.     In the alternative, BackGrid is entitled to recovery of its actual damages and Defendant's profits attributable to the infringement of the Photograph, under 17 U.S.C. § 504(b).

27.     Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

28.     BackGrid is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

29.     BackGrid realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30.     If Defendant is not liable as a direct infringer of the Photograph, he is secondarily liable for the infringements directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

5

31.     Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under Defendant's direction and control and/or using technology, facilities, and support services provided by Defendant.

32.     Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photograph was published on Defendant's Instagram and Twitter accounts and Defendant was, or should have been, aware of that fact.

33.     Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on his Twitter and Instagram account.

34.     Defendant obtained some financial benefit from the infringement of BackGrid's rights in the Photograph because, on information and belief, Defendant has monetized his Instagram and Twitter account, because the Instagram and Twitter accounts are used to promote defendant's website, and because the Photograph was a draw for viewers regardless of the revenue received from any specific use. Accordingly, Defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

35.     As a direct and proximate result of said acts of secondary infringement, BackGrid has suffered substantial damages in an amount to be proven at trial.

36.     BackGrid is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at its election, statutory damages.

37.     Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

38.     BackGrid is further entitled to attorney fees and costs under 17 U.S.C. § 505.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, BackGrid requests the following:

A. For a preliminary and permanent injunction against Defendant and anyone working in concert with him from further copying, displaying, distributing, selling, or offering to sell the Photographs;

B. For an order requiring defendant to account to plaintiff for profits and any damages sustained by BackGrid arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of BackGrid's copyrights—including digital copies or any other means by which they could be used again by Defendant without BackGrid's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Photographs or, where applicable and at BackGrid's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  April 24, 2021   Respectfully submitted,

          **PERKOWSKI LEGAL, PC**

          By: /s/ Peter Perkowski
            Peter E. Perkowski

            Attorneys for Plaintiff
            BACKGRID USA, INC.

7